■ THOMAS A. SHEEHAN et al., Respondents, v. AMITY ESTATES, INC., Appellant.— BRINK, J. Appeal from an order of the County Court of St. Lawrence County denying a motion to dismiss a complaint pursuant to CPLR 3211 (subd. [a]). Plaintiffs' complaint sets forth a cause of action for the rescission of a contract of purchase and sale of real estate entered into

between the parties on or about the 20th day of July, 1962. The complaint further alleges that the plaintiffs were induced to enter into the contract because of representations upon which plaintiffs relied, to the effect that the property contained at least 147 acres of land and had access thereto from the public road. Pursuant to the contract, on July 20, 1965, after plaintiffs had paid a portion of the purchase price, together with certain interest and taxes, a deed was given by the defendant to the plaintiffs and a mortgage for the balance of the purchase price was executed by plaintiffs and delivered to the defendant. The complaint alleges that in October of 1965, after making inquiries of adjacent property owners, plaintiffs discovered that the property contained only 123 acres rather than 147 acres and that the property was completely landlocked without any access road or easement whereby plaintiffs could obtain entrance thereto. The complaint does not allege that the representations were fraudulently made, but does set forth sufficient facts to allege a cause of action for a rescission on the grounds of unilateral mistake. The documentary evidence presented does not constitute a complete defense. The fact that the contract described the property as containing 147 acres, more or less, and contained a provision that the buyer is acquainted therewith and accepts the same and access thereto, in its present "as is" condition, does not constitute sufficient grounds for the dismissal of the complaint. The trial court found that the "as is" clause might well present a question of fact, requiring evidence to clarify its meaning. It cannot be determined from the face of the complaint as a matter of law, that the plaintiffs are estopped as a result of laches. Order affirmed, with $10 costs. Gibson, P. J., Herlihy, Reynolds and Staley, Jr., JJ., concur.